**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Lilia Baeza-Vargas,<br><br>    Defendant. | No. CR-10-00448-010-PHX-JAT<br><br>**ORDER** |

  Pending before the Court is Defendant Lilia Baeza-Vargas's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). (Doc. 360). The government has filed a revised response to the motion (Doc. 369), and Baeza-Vargas has replied (Doc. 370). The Court ordered supplemental briefing, which both Baeza-Vargas and the government provided. (Doc. 372, Doc. 375, Doc. 378, Doc. 379, Doc. 380). The Court now rules on the motion.

**I. BACKGROUND**

  On April 15, 2010, Baeza-Vargas was arrested for her participation in a scheme to transport illegal immigrants into and through the United States. (Doc. 335 at 1). She was released on April 19, 2010. (*Id.*). On March 16, 2011, Baeza-Vargas pleaded guilty to one count of conspiracy to transport illegal aliens. (Doc. 339 at 1). On June 13, 2011, Baeza-Vargas was scheduled for sentencing, but did not appear. (Doc. 335 at 1, 13). A few days earlier, she absconded to Mexico, where she remained for approximately 8 years. (*Id.*). She returned to the United States and turned herself in on May 28, 2019. (*Id.*). On

October 23, 2019, the Court sentenced Baeza-Vargas to 37 months in the custody of the Bureau of Prisons ("BOP") followed by 36 months of supervised release. (Doc. 339 at 1, 4). Her current projected release date is January 7, 2022. (Doc. 362-4).

On October 6, 2020, Baeza-Vargas moved for compassionate release; she argued that her health condition increased her risk of developing serious complications should she contract COVID-19. (Doc. 360). Baeza-Vargas originally requested that she serve the remainder of her incarceration sentence on supervised release, followed by the three-year term of supervised release to which she is already sentenced. (Doc. 360 at 21). The Court ordered supplemental briefing on whether such a sentence modification would be consistent with both 18 U.S.C. § 3582(c) (allowing a court to impose a term of supervised release not to exceed a term of imprisonment) and 18 U.S.C. § 3583(b) (providing that a term of supervised release for a Class C felony may not exceed three years). (Doc. 372 at 2). In response to the Court's Order, Baeza-Vargas conceded that her original requested modification would be inconsistent with § 3582(c) and § 3583(b).[1] (Doc. 375 at 2). Accordingly, she amended her request to a modification of her incarceration sentence to time served. (*Id.*).

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Compassionate release is an exception to the general rule that allows a court to reduce a term of imprisonment or "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

---

[1] The Court notes that different courts in the Ninth Circuit have reached different outcomes in cases involving similar requests. *Compare, e.g.*, *United States v. Patrick Tables*, No. CR18-16 TSZ, 2020 WL 6196389, at *3 (W.D. Wash. Sept. 2, 2020) ("[T]o avoid disparity in sentences for similar crimes, two (2) years of the unserved portion of defendant's term of imprisonment shall be served on supervised release, *see* 18 U.S.C. § 3582(c)(1)(A), followed by the previously imposed five-year period of supervised release."), *with United States v. Lopez-Buelna*, No. 2:09-CR-00113-GMN-EJY-2, 2020 WL 4718752, at *3 (D. Nev. Aug. 13, 2020) (citing 18 U.S.C. § 3583(b) and concluding that "[t]he Court is not authorized" to "add an additional supervised release term— consecutive to Defendant's presently ordered five-year supervised release term—equal to the remainder of Defendant's custodial sentence"). Given Baeza-Vargas's concession, however, the Court does not address this issue.

of imprisonment" if a defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1). "Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director." *United States v. Partida*, No. CR 17-08260-001-PCT-DGC, 2020 WL 3050705, at *1 (D. Ariz. June 8, 2020). Now, after the enactment of the First Step Act of 2018, a defendant may bring such a motion for compassionate release under § 3582(c) after first exhausting all administrative rights with the BOP. *See id.* at *2; *United States v. Johns*, No. CR 91-392-TUC-CKJ, 2019 WL 2646663, at *1–2 (D. Ariz. June 27, 2019).

For a court to grant compassionate release, it must find that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Included in the Sentencing Commission's policy statements is a requirement that a party requesting compassionate relief is "not a danger to the safety of any other person or to the community." U.S.S.G. 1B1.13.

Further, under 18 U.S.C. § 3582(c), a court is required to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" when analyzing a motion for compassionate release. The § 3553(a) factors include:

> [T]he nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (citing 18 U.S.C. § 3553(a)). To grant relief, a court must find both an extraordinary and compelling reason for compassionate release and that the § 3553(a) factors warrant compassionate release. *See United States v. Magana-Lopez*, No. CR 11-04200-001-TUC-RCC (JR), 2020 WL 3574604, at *2 (D. Ariz. July 1, 2020) (considering extraordinary and compelling reasons and § 3553(a) factors separately); *United States v. Platt*, No. CR 18-195-WJM, 2020 WL 3839847, at *3 (D. Colo. July 8, 2020) (same).

### III. DISCUSSION

#### A. Administrative Exhaustion

Baeza-Vargas and the government agree that she met 18 U.S.C. § 3582(c)(1)'s exhaustion requirement by requesting compassionate release through the prison, which the warden subsequently denied. (Doc. 360 at 6; Doc. 362-4; Doc. 369 at 1).

#### B. Extraordinary and Compelling Reasons

In its original response to Baeza-Vargas's motion, the government conceded that in light of the COVID-19 pandemic, Baeza-Vargas's health condition constitutes an extraordinary and compelling reason establishing statutory eligibility for compassionate release. (Doc. 369 at 7). Specifically, the government acknowledged that "[t]he CDC has identified obesity as a medical condition that places people of any age at increased risk of severe illness from COVID-19." (*Id.*).

Since then, however, the government discovered that Baeza-Vargas was offered the Moderna COVID-19 vaccine on December 31, 2020, which she declined. (Doc. 378-1 at 3). The government now argues that in light of the availability of the vaccine and Baeza-Vargas's refusal, extraordinary and compelling circumstances no longer exist, and Baeza-Vargas is ineligible for compassionate release. (Doc. 378 at 3). In response to the government's updated position, Baeza-Vargas asserts that her initial refusal to accept the vaccine was based on a lack of information about the vaccine, and she reports that she received the first dose of the vaccine on March 12, 2021. (Doc. 380 at 2–3). Although nothing in the record before the Court confirms Baeza-Vargas's representation that she received the first dose of the vaccine, the Court finds that the availability of the vaccine undermines Baeza-Vargas's claim of extraordinary and compelling circumstances.

Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances. *See United States v. Martinez*, No. CR-18-0239-01-PHX-SPL, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021) ("When a Defendant has refused the vaccine, this Court has found that fact undercuts the argument

that risk of serious illness from contracting COVID-19 is 'an extraordinary and compelling reason for his immediate release.'" (quoting *United States v. Williams*, No. CR-17-01279-001-PHX-DLR, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021))); *see also United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) ("Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to *increase* their risk of contracting COVID-19 and developing severe symptoms."); *United States v. Jackson*, No. CR 07-40-2, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021) ("Where [a defendant] bears the burden of demonstrating her entitlement to relief, the Court finds that her unexplained refusal to accept a COVID-19 vaccination when offered negates her otherwise compelling medical reasons for release."); *United States v. Figueroa*, No. 2:09-CR-00194-KJM, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."); *United States v. Reynoso*, No. CR 17-10350-NMG, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021) ("[T]he sincerity of his concern for his health is dubious given that he rejected the opportunity to receive the COVID-19 vaccine . . . ."); *United States v. Byrd*, No. CR 14-699-09 (RMB), 2021 WL 929726, at *3 (D.N.J. Mar. 11, 2021) ("Defendant . . . was offered the vaccine but refused it. In the final analysis, the Court finds that Defendant has not met his burden in presenting extraordinary and compelling reasons which would warrant his immediate release."); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021) ("The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that

might otherwise justify release."); *United States v. Israilov*, No. 17 CR. 262 (LGS), 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021) (noting that a finding that the defendant did not show extraordinary and compelling circumstances was "bolstered by the fact that Defendant's BOP records show that . . . he refused a COVID-19 vaccine for unspecified reasons"); *United States v. Jackson*, No. 15-CR-260(7) (PAM/TNL), 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021) ("While [the defendant] is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Mascuzzio*, No. 16 CR. 576 (JFK), 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021) (noting that the court would be "hard-pressed to conclude" that extraordinary and compelling circumstances existed "in light of [the defendant's] voluntary refusal of an approved vaccine"); *United States v. Robinson*, No. CR 16-94, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021) (noting that a defendant's "refusal [of a COVID-19 vaccine] is notable" because it "significantly undermines the foundational premises of his Motion"); *United States v. Wieman*, No. 4:19-CR-40003-06-KES, 2021 WL 425113, at *2 (D.S.D. Feb. 8, 2021) ("[The defendant] was offered a vaccine, but refused. This leads the court to believe that her fears of reinfection are overstated." (citation omitted)).

And the same goes for an inmate receiving a COVID-19 vaccination. *United States v. Brown*, No. 16-CR-436 (KMW), 2021 WL 1154207, at *3–4 (S.D.N.Y. Mar. 26, 2021) (denying compassionate release and noting that because the defendant "will soon be fully vaccinated, any risk that he may become severely ill from COVID-19 will be reduced significantly"); *United States v. Stiver*, No. CR 17-64, 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021) ("Given Defendant's vaccination, the Court does not find 'extraordinary or compelling reasons' for release."); *United States v. Gabbard*, No. CR 18-20039, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021) ("In light of [the defendant receiving the first dose of the COVID-19 vaccine and being scheduled for the second], this Court does not believe that Defendant has established extraordinary and

compelling circumstances that warrant her release."); *United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) ("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison."); *United States v. White*, No. 15-CR-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release."); *United States v. Poupart*, No. 3:11CR116 (JBA), 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) ("Mr. Poupart's argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered Mr. Poupart to reduce these risks."); *United States v. Johnson*, No. 3:02-CR-00068-TBR, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021) ("Johnson's vaccination minimizes any increased risk he faced due to his medical conditions."); *United States v. Ulmer*, No. CR 18-00579-3, 2021 WL 844579, at *2 (E.D. Pa. Mar. 5, 2021) ("Considering Ulmer's minor health concerns, recent recovery from COVID-19 and vaccination, he does not come close to establishing extraordinary and compelling reasons for his release."); *United States v. McQuarrie*, No. 16-20499-1, 2021 WL 843177, at *5 (E.D. Mich. Mar. 5, 2021) ("[A]bsent some authority to the contrary, this Court will not deem an underlying susceptibility to COVID-19 'extraordinary and compelling' where the movant is vaccinated against the disease and is not housed in a facility with a substantial outbreak."); *United States v. Shepard*, No. CR 07-85 (RDM), 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021) ("Given that Shepard received his first dose of the vaccine about two weeks ago (and, presumably, will receive his second dose in the near future), he cannot show that he needs to be released from prison to protect him

from risks associated with COVID-19."); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19."); *United States v. Beltran*, Cr. No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to defendant with underlying health conditions when defendant had received first vaccine dose).

The Court will not depart from this growing consensus. Although Baeza-Vargas's age, hyperlipidemia (high cholesterol), and hypertension (high blood pressure) make her more likely to suffer serious complications from COVID-19, *see United States v. Williams*, No. 2:98-CR-0309-KJD-RJJ, 2020 WL 3917030, at *1 & n.5 (D. Nev. July 10, 2020) (citing Centers for Disease Control, *People Who Are at Increased Risk for Severe Illness* (June 25, 2020)); *United States v. Nassar*, No. 2:17-CR-00104-KJM-1, 2020 WL 6484181, at *2 & nn. 3–7 (E.D. Cal. Nov. 4, 2020), the FDA has concluded that the Moderna COVID-19 vaccine is 95% effective at preventing infection and virtually entirely effective in preventing severe disease, including in participants with comorbidities. *See* Food and Drug Administration, *Emergency Use Authorization*, https://www.fda.gov/media/144673/download (Dec. 18, 2020). (Doc. 362-2 at 9, 19, 30). Both Baeza-Vargas and the government agree that Baeza-Vargas no known medical contraindication for the vaccine, and she will presumably receive her second dose and be fully vaccinated shortly. Under these circumstances, the Court does not find that Baeza-Vargas has shown extraordinary and compelling reasons warrant a reduction in her sentence. Accordingly, Baeza-Vargas is not statutorily eligible for compassionate release, and the Court need not consider the § 3553(a) factors.

### IV. CONCLUSION

For the foregoing reasons,

///

///

**IT IS ORDERED** that Baeza-Vargas's motion for compassionate release (Doc. 360) is **DENIED**.

Dated this 5th day of April, 2021.

James A. Teilborg
Senior United States District Judge